**10    4603**

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ OCT 07 2010 ★

BROOKLYN OFFICE

Amanda Masters (AM6721)
GISKAN SOLOTAROFF ANDERSON & STEWART LLP
11 Broadway, Suite 2150
New York, New York 10004
(646) 708-9004

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JEREMY DEMICK,

                    Plaintiff,

293 IRVING LLC, SAMUEL KAIRY,
MEIR DAVID TABAK, and OYUNA
GANZORIG,

                    Defendants.
-------------------------------------------------------------x

CIV. NO.:    **GARAUFIS, J.**

**LEVY, M.J**

**COMPLAINT**

Jury Trial Demanded

      Plaintiff Jeremy Demick, by his attorneys Giskan, Solotaroff Anderson & Stewart LLP,

for his complaint against defendants, 293 Irving LLC, Samuel Kairy, Meir David Tabak, and

Oyuna Ganzorig, alleges as follows:

### Nature of the Action and Preliminary Statement

      1.     This is a civil rights action to address discrimination and retaliation on the basis of

disability, in violation of the Federal Fair Housing Act, 42 U.S.C. § 3601 et seq. (the FHA), and

Executive Law § 290 et seq., (the New York City Human Rights Law), Title 8 of the New York

City Administrative Code § 8-101 et seq.

      2.     As set forth more fully below, plaintiff is a person with a disability and he

receives Social Security Disability (SSD) income. Defendants refused to rent an apartment to

1

him after learning that he had a disability and that he has SDD income, thereby discriminating against plaintiff based on his disability, and his lawful source of income.

3.     Defendants' conduct violates Federal and City civil rights laws; it should be declared unlawful and permanently enjoined, and appropriate monetary damages should be awarded.

## Jurisdiction and Venue

4.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 3613, and 42 U.S.C. § 3613.  This Court has supplemental jurisdiction over the New York state law and New York City law claims pursuant to 28 U.S.C. § 1367.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because defendant's principle place of business is in this District and the events giving rise to this action occurred in this District.

## Parties

6.     Plaintiff resides at 3419 14th Avenue, Apartment 1A, Brooklyn, New York 11218.

7.     Plaintiff is a person with a disability within the meaning of federal, state, and city laws.  He is substantially limited in the major life activities of seeing and working.

8.     Upon information and belief, defendant Oyuna Ganzorig is a real estate broker working for, and an agent for, defendant 293 Irving LLC, with a principal place of business at 543 Bedford Avenue, #264, Brooklyn, New York.

9.     Upon information and belief, defendant 293 Irving LLC, is a limited liability company existing and organized under the laws of the State of New York with its principal place of business at 543 Bedford Avenue, #264, Brooklyn, New York.

10.     Upon information and belief, defendant Meir David Tabak is a member or shareholder or officer of 293 Irving LLC, a limited liability company with its principal place of business at 543 Bedford Avenue, #264, Brooklyn, New York.

11.     Upon information and belief, defendant Samuel Kairy is a member or shareholder or officer of 293 Irving LLC, a limited liability company with its principal place of business at 543 Bedford Avenue, #264, Brooklyn, New York.

12.     An agency relationship exists between each of the co-defendants.

### Facts

13.     Plaintiff has a vision impairment.  He has very limited vision in his left eye, and is entirely blind in his right eye.

14.     On or about July 6, 2010, plaintiff responded to an advertisement posted on Craigslist.org for a room for rent at 293 Irving Avenue, Brooklyn, New York, which had been placed by a broker named Oyuna Ganzorig.

15.     Upon information and belief, the building at 293 Irving Place is a four-story building with nine units.

16.     On or about July 6, 2010, plaintiff called Ganzorig and asked to view the apartment.

17.     He explained that he had a disability and received Social Security Disability income (SSD).  He explained that his SSD income was sufficient to afford the advertised rent.

18.     Upon information and belief, the owner of the apartment building at 293 Irving Avenue does not occupy any apartment in the building as his personal residence, and the building is occupied or intended to be occupied by more than four families, as defined under the Fair Housing Act.

3

19.     When plaintiff arrived at 293 Irving Avenue, Ganzorig was not there.

20.     Plaintiff called Ganzorig, who advised him that she had spoken with the owner of the building and the owner would not accept him as a tenant because of his Social Security Disability income.

21.     Ganzorig advised plaintiff to apply for other government assistance, but went on to state that regardless of whether he obtained any other benefits, the landlord would not accept him because the defendant owner does not accept any "programs."

22.     Plaintiff was distraught. He asked Ganzorig who the owners were, and she refused to tell him.

23.     Ms. Ganzorig then advised him that he could submit an application for the apartment but it would be futile because the owners would not accept him.

24.     By advising plaintiff that his application would be futile, Ganzorig refused to negotiate further for the rental of the advertised room.

25.     Plaintiff sought the assistance of a non-profit fair housing organization, the Fair Housing Justice Center (FHJC).

26.     FHJC advised plaintiff that they would conduct testing to determine the policies of the broker and owner.

27.     On or about July 19, 2010, plaintiff saw another Craiglist.org advertisement for a room at 293 Irving Place. He called Ganzorig again, from the FHJC offices where the call was taped.

28.     On or about July 19, 2010, Ganzorig advised plaintiff that the owners would not accept anyone whose income came from a program, including any applicants whose income came from SSD. She stated that the owners would only accept "normal" income.

4

29.     Ganzorig also stated that she worked exclusively for the owners, and did not charge a broker's fee.

30.     FHJC is a non-profit which conducts testing investigations for government law enforcement agencies and for private parties seeking to enforce their fair housing rights.

31.     FHJC employs individuals as "Testers" – persons who pose as renters or homebuyers for the purpose of obtaining information about the conduct of landlords, real estate agencies, agents, and others to determine whether illegal housing discrimination is taking place.

32.     During all times relevant to this complaint, the individuals who at the direction of FHJC asked about apartments advertised by defendants were employed as Testers by FHJC.

33.     Prior to participating in testing, FHJC Testers receive training from FHJC, which includes instruction on conducting and recording a test.

34.     On or about July 20, 2010, a FHJC Tester called Ganzorig to inquire about the room at 293 Irving Place.  She told him the room was rented.

35.     The FHJC tester then asked Ganzorig if she had other rentals available. Ganzorig advised him to call her back later.

36.     That afternoon, the FHJC Tester called Ganzorig back.  She asked him if he was working and he stated that he was an actor.  She advised him that she had another rental available in the same building at a comparable price.

37.     Ganzorig made a plan to meet with the FHJC Tester and show him the room.

38.     Prior to meeting, the FHJC Tester called to reschedule the meeting.

39.     During that conversation Ganzorig asked the FHJC Tester how old he was and he answered 48.  Ganzorig then told him he could not have the apartment because the others living there preferred someone in their twenties.

5

40.    Ganzorig then made arrangements to stay in touch with the FHJC Tester and help him find another apartment.

## FIRST CLAIM

## FAIR HOUSING ACT – DISABILITY BASED DISCRIMINATION BY OWNERS

41.    The Plaintiff repeats and realleges paragraphs 1 through 40 of this complaint as if fully set forth herein.

42.    Plaintiff is "handicapped" with the meaning of the Fair Housing Act (FHA), 42 U.S.C. § 3602 (h).

43.    The FHA defines "to rent" as follows: "to lease, to sublease, to let and otherwise to grant for a consideration the right to occupy premises not owned by the occupant." 42 U.S.C. 3602(e).

44.    The FHA defines a "dwelling" as "any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families, and any vacant land which is offered for sale or lease for the construction or location thereon of any such building, structure, or portion thereof. 42 U.S.C. 3602(b).

45.    The FHA defines "family" to include "a single individual." 42 U.S.C. 3602(c).

46.    The FHA prohibits discrimination "in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of that buyer or renter..." 42 U.S.C. 3604(f) (1).

47.    Defendants discriminated against plaintiff by refusing to rent, lease, to sublease, to let and otherwise to grant for a consideration the right to occupy the apartment at 293 Irving Place because of his disability.

48.    Defendants acted individually and via their broker, who was their agent.

6

49.     Defendants' conduct was willful, intentional and in reckless disregard of plaintiff's civil rights.

50.     As a direct and proximate result of defendants' unlawful conduct, plaintiff sustained the damages alleged herein, including violation of his civil rights, pain and suffering, mental anguish, humiliation, degradation, emotional distress, and the loss of housing opportunity.

51.     Accordingly, under 42 U.S.C. 3613(c), plaintiff is entitled to compensatory damages, punitive damages, injunctive relief, and reasonable attorney's fees and costs.

## SECOND CLAIM

## FAIR HOUSING ACT – DISABILITY BASED DISCRIMINATION BY BROKER

52.     Plaintiff repeats and realleges paragraphs 1 through 51 of this complaint as if fully set forth herein.

53.     The FHA prohibits "any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin." 42 U.S.C. 3605(a).  The FHA defines "residential real estate-related transaction" as "the selling, brokering, or appraising or residential real property." 42 U.S.C. 3605(b) (2).

54.     The FHA also prohibits discrimination "in the provision of services or facilities in connection with" the rental of property.  42 U.S.C. 3604 (f) (2).

55.     The FHA also prohibits representing "to any person because of race, color, religion, sex, handicap, familial status, or national origin that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available." 42 U.S.C. 3604(d).

7

56.     Defendants have discriminated against plaintiff by refusing to show, rent, or negotiate on behalf of plaintiff, and stating to him that he would not be accepted for the available apartment because of his disability income.

57.     Defendants' conduct was willful, intentional and in reckless disregard of plaintiff's civil rights.

58.     As a direct and proximate result of defendants' unlawful conduct, plaintiff sustained the damages alleged herein, including violation of his civil rights, pain and suffering, mental anguish, humiliation, degradation, emotional distress, and the loss of housing opportunity.

59.     Accordingly, under 42 U.S.C. 3613(c), plaintiff is entitled to compensatory damages, punitive damages, injunctive relief, and reasonable attorney's fees and costs.

**THIRD CLAIM**

**NEW YORK CITY HUMAN RIGHTS LAW – DISABILITY BASED DISCRIMINATION BY OWNERS**

60.     Plaintiff repeats and realleges paragraphs 1 through 59 of this complaint as if fully set forth herein.

61.     Plaintiff is a person with a disability as that term is defined in the New York City Administrative Code § 8-102(16).

62.     Sections 8-107(5)(a)(1) & (2) of the Administrative Code of the City of New York provide that it "shall be an unlawful discriminatory practice for the owner, lessor, lessee, sublessee, assignee, or managing agent of, or other person having the right to sell, rent or lease or approve the sale, rental or lease of a housing accommodation, constructed or to be constructed, or an interest therein, or any agent or employee thereof: (1) To refuse to sell, rent, lease approve the sale, rental or lease or otherwise deny to or withhold from any person or group of persons

8

such a housing accommodation or an interest therein because of the actual or perceived ... disability... of such person ... (2) To discriminate against any person because of such person's actual or perceived ...disability... in the terms, conditions or privileges of the sale, rental or lease of any such housing accommodation or an interest therein or in the furnishing of facilities or services in connection therewith."

63.    Defendants discriminated against plaintiff by refusing to rent, lease, to sublease, to let and otherwise to grant for a consideration the right to occupy the apartment at 293 Irving Place because of his disability.

64.    The Plaintiff is an aggrieved person, as defined in the New York City Administrative Code § 8-502(a), and has suffered damages as a result of defendants' discriminatory conduct.

65.    Defendants' conduct was willful, intentional and in reckless disregard of plaintiff's civil rights.

66.    As a direct and proximate result of defendants' unlawful conduct, plaintiff sustained the damages alleged herein, including violation of his civil rights, pain and suffering, mental anguish, humiliation, degradation, emotional distress, and the loss of housing opportunity.

67.    Accordingly, plaintiff is entitled to injunctive relief, a declaratory judgment, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## FOURTH CLAIM

## NEW YORK CITY HUMAN RIGHTS LAW – DISABILITY BASED DISCRIMINATION BY BROKER

9

68.    The Plaintiff repeats and realleges paragraphs 1 through 67 of this complaint as if fully set forth herein.

69.    Sections 8-107(5)(c) of the Administrative Code of the City of New York provides that it shall be "an unlawful discriminatory practice for any real estate broker, real estate salesperson or employee or agent thereof: (1) To refuse to sell, rent or lease any housing accommodation, land or commercial space or an interest therein to any person or group of persons or to refuse to negotiate for the sale, rental or lease, of any housing accommodation, land or commercial space or an interest therein to any person or group of persons because of the actual or perceived ... disability ... of such person or persons, ... or to represent that any housing accommodation, land or commercial space or an interest therein is not available for inspection, sale, rental or lease when in fact it is so available, or otherwise to deny or withhold any housing accommodation, land or commercial space or an interest therein or any facilities of any housing accommodation, land or commercial space or an interest therein from any person or group of persons because of the actual or perceived ... disability ... of such person or persons... ."

70.    Defendant discriminated against plaintiff by refusing to negotiate for the rental of the apartment plaintiff sought, and otherwise refusing to work with him based on his disability and disability-related income.

71.    Plaintiff is an aggrieved person, as defined in the New York City Administrative Code § 8-502(a), and has suffered damages as a result of Defendants' discriminatory conduct.

72.    Defendants' conduct was willful, intentional and in reckless disregard of plaintiff's civil rights.

73.    As a direct and proximate result of defendants' unlawful conduct, plaintiff sustained the damages alleged herein, including violation of his civil rights, pain and suffering,

mental anguish, humiliation, degradation, emotional distress, and the loss of housing opportunity.

74.     Accordingly, plaintiff is entitled to injunctive relief, a declaratory judgment, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## FIFTH CLAIM

## NEW YORK CITY HUMAN RIGHTS LAW – SOURCE OF INCOME DISCRIMINATION BY OWNER

75.     The Plaintiff repeats and realleges paragraphs 1 through 74 of this complaint as if fully set forth herein.

76.     New York City Local Law 10, which amended the New York City Human Rights Law, Section 8-101 *et seq.*, of the Administrative Code of the City of New York on March 26, 2008, prohibits discrimination against any person based on their lawful source of income.

77.     Under Local Law 10, it is an unlawful discriminatory practice "[t]o refuse to . . . rent, lease, approve the . . . rental or lease or otherwise deny to or withhold from any person or group of persons such a housing accommodation or an interest therein because of the actual or perceived ... lawful source of income of such person or persons." N.Y.C. Admin Code § 8-107(5) (a) (1).

78.     Under Local Law 10, it is unlawful to discriminate "against any person ... because of any lawful source of income of such person ... in the terms, conditions or privileges of the sale, rental or lease of any such housing accommodation or an interest therein or in the furnishing of facilities or services in connection therewith." *Id.* § 8-107(5) (a) (2).

79.     Section 8-102(25) of Local Law 10 unambiguously defines "lawful source of income" as "income derived from ... any form of federal, state or local public assistance or housing assistance." *Id.* § 8-1 02(25).

80.     Under Local Law 10, the prohibition on discrimination applies to apartments located in buildings that contain at least six units. Id. § 8-107(5) (0).

81.     Defendants discriminated against plaintiff by refusing to rent to him based on his lawful source of income.

82.     Defendants discriminated against plaintiff via their agent and broker.

83.     Defendants' conduct was willful, intentional and in reckless disregard of plaintiff's civil rights.

84.     As a direct and proximate result of defendants' unlawful conduct, plaintiff sustained the damages alleged herein, including violation of his civil rights, pain and suffering, mental anguish, humiliation, degradation, emotional distress, and the loss of housing opportunity.

85.     Accordingly, plaintiff is entitled to injunctive relief, a declaratory judgment, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## SIXTH CLAIM

## NEW YORK CITY HUMAN RIGHTS LAW – SOURCE OF INCOME DISCRIMINATION BY BROKER

86.     The Plaintiff repeats and realleges paragraphs 1 through 85 of this complaint as if fully set forth herein.

87.     Sections 8-107(5) (c) of the Administrative Code of the City of New York provides that it shall be "an unlawful discriminatory practice for any real estate broker, real estate salesperson or employee or agent thereof: (1) ... To refuse to negotiate for the sale, rental or lease, of any housing accommodation ...because of ... any lawful source of income of such person... or otherwise to deny or withhold any housing accommodation... or an interest therein ... because of any lawful source of income of such person... (2) ... to use any form of

application for the purchase, rental or lease of any housing accommodation, land or commercial space or an interest therein or to make any record or inquiry in connection with the prospective purchase, rental or lease of any housing accommodation, land or commercial space or an interest therein which expresses, directly or indirectly, any limitation, specification or discrimination as to … any lawful source of income…"

88.    Defendant discriminated against plaintiff by refusing to negotiate for the rental of the apartment he sought, and otherwise refusing to work with him based on his disability and disability-related income.

89.    Defendants' conduct was willful, intentional and in reckless disregard of plaintiff's civil rights.

90.    As a direct and proximate result of defendants' unlawful conduct, plaintiff sustained the damages alleged herein, including violation of his civil rights, pain and suffering, mental anguish, humiliation, degradation, emotional distress, and the loss of housing opportunity.

91.    Accordingly, plaintiff is entitled to injunctive relief, a declaratory judgment, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## SERVICE ON NYCCHR and CORPORATION COUNSEL

92.    Plaintiff has served a copy of this complaint upon representatives authorized by the New York City Commission on Human Rights and the Corporation Counsel to receive copies of complaints in actions commenced pursuant to the New York City Human Rights Law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests judgment against defendants as follows:

1.    Injunctive relief prohibiting the defendants from discriminating against plaintiff when he applies for an apartment again at the conclusion of his current lease,

13

2. An award of such damages as will compensate plaintiff fully for his loss of housing opportunity, as well as the emotional distress, humiliation, and embarrassment plaintiff has suffered due to defendants' discriminatory conduct pursuant to 42 USC § 3613, and the New York City Administrative Code § 8-502,

3. An award of punitive damages pursuant to 42 U.S.C. § 3613(c), and the New York City Administrative Code § 8-502,

4. An award of reasonable attorneys fees and expenses pursuant to 42 U.S.C. §3613(c), and the New York City Administrative Code §8-502, as well as pre-judgment interest and costs, and

5. An order of such other further relief as may be just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

New York, New York
Dated: October 7, 2010

GISKAN SOLOTAROFF ANDERSON
& STEWART LLP

By: _____
Amanda Masters
Robert L. Herbst
11 Broadway, Suite 2150
New York, NY 10004
Phone: (646) 708-9004
Fax: (646) 964-9610

14