IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------x

JEREMY DEMICK,

                Plaintiff,               **Civil Action No.
                                         1:10-CV-04603**

      - against -

293 IRVING LLC, SAMUEL KAIRY, MEIR
DAVID TABAK, and OYUNA GANZORIG,      **ANSWER, CROSSCLAIM AND
                                 AFFIRMATIVE DEFENSES**

                Defendants.

------------------------------------x

     Defendants 293 Irving, LLC; Samuel Kairy; and Meir David Tabak (hereinafter collectively the "answering defendants"), by and through their attorneys The Feinsilver Law Group, P.C., hereby answer the plaintiff's complaint and assert the following affirmative defenses and crossclaim:

    As to the Nature of the Action and Preliminary Statement

    1.   Denied.  Paragraph #1 of the Complaint contains conclusions of law to which no responsive pleading is required. To the extent they are deemed otherwise, the allegations are denied.

    2.   Denied.  The answering defendants deny that they had notice that the plaintiff had a disability; discriminated against the plaintiff and/or refused to rent him an apartment because he had a disability and received Social Security Disability (hereinafter "SSD") income.  The answering defendants lack knowledge or information sufficient to form a belief as to

whether the plaintiff is disabled and/or receives SSD income, and they leave the plaintiff to his proofs and therefore deny said averments.

3.   Denied.

### As to Jurisdiction and Venue

4.   Paragraph #4 of the Complaint contains conclusions of law to which no responsive pleading is required.

5.   The answering defendants deny that they committed any act, deed or omission that gives rise to a cause of action.   The answering defendants admit that defendant 293 Irving, LLC (hereinafter "293 Irving") has its principal place of business in the Eastern District of New York and that venue is otherwise proper in this District.

### As to the Parties

6.   The answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph #6 of the complaint, and they leave the plaintiff to his proofs and therefore deny said averments.

7.   The answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph #7 of the complaint, and they leave the plaintiff to his proofs and therefore deny said averments.

8.   The answering defendants deny that defendant Oyuna Ganzorig worked for and/or was an agent for defendant 293 Irving, or that she ever conducted business from the referenced address.

2

The answering defendants lack knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph #8 of the complaint, and they leave the plaintiff to his proofs and therefore deny said averments.  By way of further answer, the remaining allegations of this paragraph are not directed to the answering defendants.

9.    Admitted as to defendant 293 Irving being a limited liability company organized under the laws of the State of New York.  Denied as to its principal place of business being the referenced address.

10.    Admitted as to Meir David Tabak being a member of 293 Irving.  Denied as to 293 Irving having its principal place of business at the referenced address.

11.    Denied as drafted.  By way of further answer, denied as to defendant 293 Irving having its principal place of business at the referenced address.

12.    Denied.

<u>As to the Facts</u>

13.    The answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph #13 of the complaint, and they leave the plaintiff to his proofs and therefore deny said averments.

14.    The answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained in

paragraph #14 of the complaint, and they leave the plaintiff to his proofs and therefore deny said averments.

15.   Admitted as to the subject building having four stories.  Denied as to the building having nine units.

16.   The answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph #16 of the complaint, and they leave the plaintiff to his proofs and therefore deny said averments.

17.   The answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph #7 of the complaint, and they leave the plaintiff to his proofs and therefore deny said averments.

18.   The answering defendants admit that no owner of the building occupies it as his personal residence.  The remaining allegations contained in this paragraph state legal conclusions, and no response is required.

19.   The answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph #19 of the complaint, and they leave the plaintiff to his proofs and therefore deny said averments.

20.   The answering defendants deny that any of them made the alleged statements attributed to them in this paragraph.  The answering defendants lack knowledge or information sufficient to form a belief as to the remaining allegations contained in

paragraph #20 of the complaint, and they leave the plaintiff to his proofs and therefore deny said averments.

21.   Denied as to the answering defendants ever having a policy or otherwise advising defendant Ganzorik that they would not accept a tenant because he received SSD benefits.  The answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph #21 of the complaint, and they leave the plaintiff to his proofs and therefore deny said averments.

22.   The answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph #22 of the complaint, and they leave the plaintiff to his proofs and therefore deny said averments.

23.   Denied as to the answering defendants ever having a policy or otherwise advising defendant Ganzorik that they would not accept a tenant because he received SSD benefits.  The answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph #23 of the complaint, and they leave the plaintiff to his proofs and therefore deny said averments.

24.   The answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph #24 of the complaint, and they leave the plaintiff to his proofs and therefore deny said averments.

25.   The answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph #25 of the complaint, and they leave the plaintiff to his proofs and therefore deny said averments.

26.   The answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph #26 of the complaint, and they leave the plaintiff to his proofs and therefore deny said averments.  By way of further answer, defendant Ganzorig was never an agent of the answering defendants, so any policies that she may have had are not attributable to the answering defendants.

27.   The answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph #27 of the complaint, and they leave the plaintiff to his proofs and therefore deny said averments.

28.   Denied as to the answering defendants ever having a policy or otherwise advising defendant Ganzorik that they would not accept a tenant because he received SSD benefits.  The answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph #28 of the complaint, and they leave the plaintiff to his proofs and therefore deny said averments.

29.   Denied as to defendant Ganzorig ever working for any of the answering defendants, let alone on an exclusive basis.  The answering defendants lack knowledge or information sufficient to

form a belief as to the remaining allegations contained in paragraph #29 of the complaint, and they leave the plaintiff to his proofs and therefore deny said averments.

30.   The answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph #30 of the complaint, and they leave the plaintiff to his proofs and therefore deny said averments.

31.   The answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph #31 of the complaint, and they leave the plaintiff to his proofs and therefore deny said averments.

32.   The answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph #32 of the complaint, and they leave the plaintiff to his proofs and therefore deny said averments.

33.   The answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph #33 of the complaint, and they leave the plaintiff to his proofs and therefore deny said averments.

34.   The answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph #34 of the complaint, and they leave the plaintiff to his proofs and therefore deny said averments.

35.   The answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained in

paragraph #35 of the complaint, and they leave the plaintiff to his proofs and therefore deny said averments.

36.   The answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph #36 of the complaint, and they leave the plaintiff to his proofs and therefore deny said averments.

37.   The answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph #37 of the complaint, and they leave the plaintiff to his proofs and therefore deny said averments.

38.   The answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph #38 of the complaint, and they leave the plaintiff to his proofs and therefore deny said averments.

39.   The answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph #39 of the complaint, and they leave the plaintiff to his proofs and therefore deny said averments.

40.   The answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph #40 of the complaint, and they leave the plaintiff to his proofs and therefore deny said averments.

<u>As to the First Claim</u>

41.   The answering defendants repeat, reallege and incorporate by reference their responses to paragraphs #1-40 of

the complaint as if the same were set forth completely herein at length.

42.    The answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph #42 of the complaint, and they leave the plaintiff to his proofs and therefore deny said averments.

43.    Denied.   Paragraph #43 of the Complaint contains conclusions of law to which no responsive pleading is required. To the extent they are deemed otherwise, the allegations are denied.

44.    Denied.   Paragraph #44 of the Complaint contains conclusions of law to which no responsive pleading is required. To the extent they are deemed otherwise, the allegations are denied.

45.    Denied.   Paragraph #45 of the Complaint contains conclusions of law to which no responsive pleading is required. To the extent they are deemed otherwise, the allegations are denied.

46.    Denied.   Paragraph #46 of the Complaint contains conclusions of law to which no responsive pleading is required. To the extent they are deemed otherwise, the allegations are denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.   Denied.

51.   Denied.

### As to the Second Claim

52.   The answering defendants repeat, reallege and incorporate by reference their responses to paragraphs #1-51 of the complaint as if the same were set forth completely herein at length.

53.   Denied.  Paragraph #53 of the Complaint contains conclusions of law to which no responsive pleading is required. To the extent they are deemed otherwise, the allegations are denied.

54.   Denied.  Paragraph #54 of the Complaint contains conclusions of law to which no responsive pleading is required. To the extent they are deemed otherwise, the allegations are denied.

55.   Denied.  Paragraph #55 of the Complaint contains conclusions of law to which no responsive pleading is required. To the extent they are deemed otherwise, the allegations are denied.

56.   Denied.

57.   denied.

58.   Denied.

59.   Denied.

<u>As to the Third Claim</u>

60.   The answering defendants repeat, reallege and incorporate by reference their responses to paragraphs #1-59 of the complaint as if the same were set forth completely herein at length.

61.   Denied.   Paragraph #61 of the Complaint contains conclusions of law to which no responsive pleading is required. To the extent they are deemed otherwise, the allegations are denied.

62.   Denied.   Paragraph #62 of the Complaint contains conclusions of law to which no responsive pleading is required. To the extent they are deemed otherwise, the allegations are denied.

63.   Denied.

64.   Denied.

65.   Denied.

66.   Denied.

67.   Denied.

<u>As to the Fourth Claim</u>

68.   The answering defendants repeat, reallege and incorporate by reference their responses to paragraphs #1-67 of the complaint as if the same were set forth completely herein at length.

69.   Denied.   Paragraph #69 of the Complaint contains conclusions of law to which no responsive pleading is required.

To the extent they are deemed otherwise, the allegations are denied.

    70.   Denied.

    71.   Denied.

    72.   Denied.

    73.   Denied.

    74.   Denied.

<u>As to the Fifth Claim</u>

    75.   The answering defendants repeat, reallege and incorporate by reference their responses to paragraphs #1-74 of the complaint as if the same were set forth completely herein at length.

    76.   Denied.  Paragraph #76 of the Complaint contains conclusions of law to which no responsive pleading is required. To the extent they are deemed otherwise, the allegations are denied.

    77.   Denied.  Paragraph #77 of the Complaint contains conclusions of law to which no responsive pleading is required. To the extent they are deemed otherwise, the allegations are denied.

    78.   Denied.  Paragraph #78 of the Complaint contains conclusions of law to which no responsive pleading is required. To the extent they are deemed otherwise, the allegations are denied.

79.   Denied.   Paragraph #79 of the Complaint contains conclusions of law to which no responsive pleading is required. To the extent they are deemed otherwise, the allegations are denied.

80.   Denied.   Paragraph #80 of the Complaint contains conclusions of law to which no responsive pleading is required. To the extent they are deemed otherwise, the allegations are denied.

81.   Denied.

82.   Denied.

83.   Denied.

84.   Denied.

85.   Denied.

<u>As to the Sixth Claim</u>

86.   The answering defendants repeat, reallege and incorporate by reference their responses to paragraphs #1-85 of the complaint as if the same were set forth completely herein at length.

87.   Denied.   Paragraph #87 of the Complaint contains conclusions of law to which no responsive pleading is required. To the extent they are deemed otherwise, the allegations are denied.

88.   Denied.

89.   Denied.

90.   Denied.

91.   Denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

As a complete and/or partial defense to the allegations made in the complaint, the answering defendants say as follows:

### As and For a First Affirmative Defense

92.   The Complaint fails to state a cause of action upon which the relief requested can be granted.

### As and For a Second Affirmative Defense

93.   Defendant Ganzorig was not an employee, agent or representative of any of the answering defendants when she committed the alleged acts, deeds and omissions referenced in the complaint.

### As and For a Third Affirmative Defense

94.   Defendant Ganzorig had no authority to act on the answering defendants' behalf or bind the answering defendants when she committed the alleged acts, deeds and omissions referenced in the complaint.

### As and For a Fourth Affirmative Defense

95.   The answering defendants never refused to rent to the plaintiff due to any alleged disability, receipt of SSD, receipt

of disability income, his source of income, or for any other reason referenced in the complaint.

### As and For a Fifth Affirmative Defense

96.   Without admitting liability to the plaintiff, in the event the trier of fact finds for the plaintiff, the answering defendants state that the plaintiff failed to mitigate his damages.

### As and For a Sixth Affirmative Defense

97.   Without admitting liability to the plaintiff, in the event the trier of fact finds for the plaintiff, the answering defendants state that the plaintiff has not suffered physical injury or otherwise met his burden of proving damages for the infliction of emotional distress.

### As and For a Seventh Affirmative Defense

98.   Without admitting liability to the plaintiff, in the event the trier of fact finds for the plaintiff, the answering defendants state that they did not act intentionally, and the plaintiff is not entitled to recover punitive damages as demanded.

<u>As and For a Eighth Affirmative Defense</u>

99.   The dealings referenced in the complaint are not covered by The Fair Housing Act and/or New York City Human Rights Law, the statutes upon which the plaintiff seeks relief in the complaint.

<u>As and For a Ninth Affirmative Defense</u>

100.  Without admitting liability to the plaintiff, in the event the trier of fact finds for the plaintiff, the answering defendants state that the plaintiff acknowledges that he found alternate housing in the complaint, and he did not suffer a compensable loss.

<u>As and For a Tenth Affirmative Defense</u>

101.  Without admitting liability to the plaintiff, the plaintiff is attempting to hold defendants Kairy and Tabak personally liable for a corporate debt without proffering a basis for piercing the corporate veil against them.

WHEREFORE, the answering defendants demand judgment in their favor and against the plaintiff, as follows:

a) dismissing the complaint in its entirety, with prejudice;

b) for attorney fees and costs of suit; and

c) for such other and further relief that the Court finds just and equitable under the circumstances.

## CROSSCLAIM

Defendants 293 Irving, LLC; Samuel Kairy; and Meir David Tabak, by way of crossclaim against co-defendant Oyuna Ganzorig, say as follows:

### Count One

102. Without admitting liability to the plaintiff, to the extent the answering defendants are found liable to the plaintiff for the matters set forth in the complaint, the answering defendants are entitled to indemnification and, in the alternative, contribution from defendant Oyuna Ganzorig and any other co-defendants subsequently joined for all (or some) of the amounts that the answering defendants are found to owe the plaintiff.

WHEREFORE, the answering defendants demands judgment in their favor and against all co-defendants, jointly and severally, as follows:

a) for all actual, compensatory and consequential damages;

b) for indemnification for all amounts that the answering defendants are found to owe the plaintiff;

c) in addition or in the alternative, for contribution towards all amounts that the answering defendants are found to owe the plaintiff;

17

d)     for attorney fees and costs of suit; and

e)     for such other and further relief that the Court finds

just and equitable under the circumstances.


Dated:     Millburn, New Jersey
           December 23, 2010

H. Jonathan Rubinstein, Esq.
(HJR-237)
The Feinsilver Law Group, P.C.
*Attorneys for Defendants*
*293 IRVING LLC, SAMUEL KAIRY,*
*MEIR DAVID TABAK*
26 Court Street, Suite 2305
Brooklyn, New York 11242
(212) 279-1069
      - and -
215 Millburn Avenue
Millburn, New Jersey 070411
(973) 376-4400

18

<u>AFFIRMATION OF SERVICE</u>

The undersigned, an attorney at law of the State of New York, affirms under penalty of perjury that on this 23rd day of December, 2010, a true and correct copy of the foregoing answer, affirmative defenses and crossclaim was served via electronic filing and via first class mail upon the attorney of record for the plaintiff, as follows:

Amanda Masters, Esq. (AM6721)
Giskan, Solotaroff, Anderson & Stewart, LLP
11 Broadway, Suite 2150
New York, NY 10004


H. Jonathan Rubinstein