# GISKAN SOLOTAROFF ANDERSON & STEWART LLP
## Attorneys at Law

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ AUG 12 2011 ★

**BROOKLYN OFFICE**

July 11, 2011

**Via fax (718) 613-2345**

Honorable Robert M. Levy
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *Demick v. 293 Irving LLC, et al.*
     1:10-CV-04603 (NGG)(RML)

Your Honor:

We write today on behalf of our client, Plaintiff Jeremy Demick, to request (a) a conference before the Court to address the Defendants' failure to comply with the settlement agreement in the above-referenced civil rights case, and (b) an award of attorneys fees pursuant to the agreement.

Plaintiff commenced the above-referenced suit, on October 7, 2010, with a Complaint filed against Defendants 293 Irving LLC, Samuel Kairy, Meir David Tabak, ("Answering Defendants") and Oyuna Ganzorig, alleging violation of the Federal Fair Housing Act, 42 U.S.C. § 3601 et seq., and the New York City Human Rights Law, Title 8 of the New York City Administrative Code § 8-101 *et seq.*

More than three months ago, on March 30, 2011, after a court-facilitated settlement conference which consumed the entire morning and part of the afternoon, Plaintiff and Defendants 293 Irving LLC, Samuel Kairy, and Meir David Tabak, entered into a binding settlement agreement on the record before Your Honor. The settling parties and their counsel were present in person that day for the entire negotiation and the agreement that was reached, and have been aware of their obligations since March 30, 2011.

## DEFENDANTS HAVE BREACHED THEIR OBLIGATION
## TO TRANSMIT A FAIR HOUSING FACT SHEET TO BROKERS BY JUNE 2, 2011

The final written settlement agreement was executed by the Answering Defendants on May 17 and May 19, 2011. The agreement required Answering Defendants (293 Irving LLC, Samuel Kairy, Meir David Tabak) to perform the following actions:

11 Broadway, Suite 2150 | New York, NY 10004 | Tel (212) 847-8315 | www.gslawny.com

> ...one of the Answering Defendants shall transmit the attached fact sheet regarding fair housing law obligations to each and every broker they work with. If one of the Defendants is particularly in charge of interactions with brokers, then that is the Defendant that shall transmit the fact sheet to brokers. Defense counsel has represented that Meir David Tabak, and not Samuel Kairy, is the person who shall make that transmission, and this is acceptable to Plaintiff.

After transmittal of the fact sheet to all of the brokers that the Answering Defendants work with, the designee of the Answering Defendants was required to:

> ... notify Plaintiff's counsel that the transmission to brokers has occurred, by mailing or emailing an affidavit attesting to that fact **within two (2) weeks of the execution of this stipulation.**

(Emphasis added). Transmission of the fact sheet to all brokers who work with answering Defendants should have been completed and reported upon by **June 2, 2011**. It was not.

To date, Answering Defendants' have failed to transmit such a report to Plaintiff's counsel. Upon information and belief, the fact sheet was not transmitted by the June 2, 2011 deadline, for which there is no excuse.

## THE COURT RETAINS JURISDICTION OVER COMPLIANCE WITH SETTLEMENT AGREEMENT

Pursuant to the terms of the settlement agreement, this Court has continuing jurisdiction over claims of non-compliance. The agreement provides:

> ... The parties agree that the United States District Court for the Eastern District of New York shall have continuing jurisdiction over claims arising out of Plaintiff's or Defendants 293 Irving LLC, Samuel Kairy, and Meir David Tabak's failure to comply with the terms of the Stipulation of Settlement for two (2) years after the date of execution thereof...

### PLAINTIFF IS ENTITLED TO ATTORNEYS FEES

The agreement also makes clear that attorneys fees are available for proceedings brought to address breach of the agreement:

> ... In the event that any party is alleged to have willfully breached the confidentiality provisions of this Stipulation, the other party may seek judicial redress for breach of contract, including an application for attorneys fees which shall be determined by the court....

2

Plaintiff's counsel has expended over seven hours in attempting to achieve compliance with the agreement we reached on March 30, 2011. At least 2.6 hours were spent specifically addressing this particular breach of the agreement. Frankly, this reflects under-billing for our time, because many of my conversations with defense counsel were much lengthier than is reflected here, and each time I had hoped it would be the last time we would have to demand compliance and threaten to seek judicial intervention. Unfortunately, none of our conversations were fruitful, and we do not believe compliance will be achieved without judicial intervention. My customary hourly rate is $410.00 per hour. Therefore, we seek an award of $3,116.00 for our time spent post-settlement on attempting enforcement, or alternatively, $1,066.00, for time spent post-breach, negotiating for compliance of the obligation to transmit the fact sheet, and preparing this letter.

As the Court may recall, Plaintiff Jeremy Demick, a graduate student with a disability, who alleged he was discriminated against when searching for rental housing, originally sought injunctive relief and was, and remains, very interested in ensuring future compliance with the applicable civil rights laws. The settlement provision at issue here was material to Mr. Demick. Given how difficult it has been to achieve simple compliance with the mailing requirement, and given that there is no excuse for the Answering Defendants to have failed to mail the fact sheet to their brokers by June 2, 2011, the penalty of an attorneys fee award is appropriate.

### PLAINTIFF'S GOOD FAITH ATTEMPTS TO RESOLVE THE IMPASSE

Plaintiff has attempted in good faith to obtain compliance without having to resort to judicial intervention. The settlement agreement requires notification of breach before judicial intervention is sought. Plaintiff's counsel has more than complied with this requirement. Plaintiff's counsel has contacted defense counsel to remind him of his clients' obligation to transmit the fact sheet to all brokers, and the defendants' failure to comply, more than 15 times.

Defense counsel has responded to each of our warnings and advised us that he would ask his clients to comply, and expected them to comply soon, but each time, defense counsel has been unable to obtain compliance from his clients.

On June 21, 2011, weeks beyond the deadline, counsel again conferred about the failure of compliance, and defense counsel still could not verify that the defendant had actually performed and sent the fact sheet to brokers by June 2, 2011. No explanation for this failure was offered.

Answering Defendants are willful and recalcitrant in their failure to comply with the terms of the agreement. Defense counsel has offered a series of excuses for their failure to perform between March 30, 2011 and now, which have ranged from the observance of religious holidays to the sheer difficulty of impressing the obligation's importance on these defendants. However, at this point, Plaintiff has lost any faith that the Answering Defendants will comply without judicial intervention.

3

Therefore, Plaintiff respectfully requests (a) a conference before the Court to address the Defendants' willful failure to comply with the settlement agreement in the above-referenced civil rights case, and (b) an award of attorneys fees pursuant to the agreement.

Respectfully,

Amanda Masters

cc: (by email and fax):
H. Jonathan Rubinstein, Esq.
hjr@feinsilverlaw.com
(fax) (973) 376-4405

D & F

# GISKAN SOLOTAROFF ANDERSON & STEWART LLP
Attorneys at Law
11 Broadway, Suite 2150
New York, NY 10004
Main Telephone: (212) 847-8315
www.gslawny.com

## TELECOPIER TRANSMITTAL SHEET

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above-address via the U.S. Postal Service.

DATE: July 11, 2011

TO: The Honorable Robert M. Levy
718- 613-2345

FROM: Amanda Masters, Esq.

PAGES: 5 (including cover sheet)

RE: *Demick v. 293 Irving LLC, et al.*
1:10-CV-04603 (NGG)(RML)

Defense counsel has been copied.